Curia, per

Withers, J.
This was an action of trespass quare clausum fregit. The possession by the plaintiff of the locus in quo cannot admit of question, for she had planted cotton which the defendant had ploughed up. He had, therefore, committed the act of trespass charged, provided his defence failed him.
He relied upon proof suited to a plea of liberum tenementum, whether filed or not does not appear from the report.
This position of the defence was entirely overthrown; for the title to the fraction of land upon which the trespass was committed was very clearly traced to a source with which the defendant was not connected. This will appear conclusively upon the ■proof set forth in the report, and this conclusion is not understood to he controverted before this Court.
The defence next assumed, and reaffirms here, the ground that the plaintiff is estopped to invoke the paramount title proved in another, and under which she entered, because she had acknowledged tenancy in writing to one G. F. Ferguson, (in May, 1848,) under whom, by immediate conveyance, the defendant claimed.
This is met by the plaintiff through evidence intended to sustain her argument that, in a state of great helplessness, her at-tornment to Ferguson was procured by him through appliances that amounted, if not to a sort of duress, yet to unconscientious and deceitful imposition; and that therefore she was in no wise estopped by such attornment. That question was submitted to the jury, and it was presented by the testimony adduced.
The only question in the case is, whether that position for the plaintiff is well taken.
That the tenant shall not be heard to dispute the title of the landlord, under whom he entered, is a well established branch *593 of the doctrine of estoppels in pais, whether it be a common law rule or (as is very plausibly contended by some,) is of kin to the principle of equitable estoppels. It is, undoubtedly, well-rooted in sound morality. Actual possession being of immense importance in real actions, when that is gained by the trust implied in committing it to tenant by landlord, the latter shall not be abused by treachery, the more dangerous since it may be secret. Having entered originally under a title acknowledged by the very act, the occasion has been rare that has ever permitted a tenant, so situated, to rebel against the landlord’s title — though the case has occurred in our own Court, and elsewhere, that the tenant has been allowed to shew the determination or extinguishment of the title under which he had entered. That was placed on the ground that the title had been confessed and avoided.
But out of the reason of the general rule necessarily arises a very intelligible distinction between the restraint imposed on the tenant, by the title under which he originally gained possession, and that which arises, and which is relied on here by the defendant, from the acknowledgment of another title, pending the possession, whether the same proceeds from the payment of rent to another landlord, or from a written declaration, as in the present case. The distinction grows quite obvious when such acknowledgment can be placed, by testimony, on the part of tenant, upon circumvention; or, as the jury found for the tenant in this case, where the acknowledgment has proceeded from “stratagem, unjust apprehension, (i. e. created by defendant,) or clear mistake as to his title.”
That a tenant, under such circumstances, may neutralize, upon sufficient proof, the effect of such an attornment as the defendant relied upon here, is a position that has commended itself to other courts, as it does to our understanding.
In Cornish vs. Searell, (15 Eng. C. L. R., 267,) Bayley, J., observed, “it has been said that the defendant, having agreed £& become tenant to the plaintiffs, cannot dispute their title. In Rogers vs. Pitcher, (6 Taunt. 202,) and Gravener vs. Woodhouse, (1 Bing. 38,) the distinction is pointed out between the *594 case where a person has actually received possession from one who has no title, and the case where he has merely attorned, by mistake, to one who has no title. In the former case the tenant cannot (except under very special circumstances,) dispute the title: in the latter he may.” Sundry other adjudged cases of the same import are referred to by .Mr. Smith in his note to the Duchess of Kingston’s case (2 Smith’s L. C. m. p. 459). American cases to the same effect may be consulted in the note by the American editors following. ,
The second ground of appéal has not been pressed; and, if it had been, nothing appears upon which it could stand. The witness objected to said he had no interest, nor can we perceive that he had such as to disqualify.
Upon'the whole, then, the plaintiff seems to have gained the verdict of the jury, without trenching upon any legal principles. She must, therefore, retain her advantage, .and the motion here be dismissed^
O’Neall, Evans, Frost and Wi-iitneb., JJ., concurred.

Motion dismissed.